UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
-------------------------------------------------------------------------------x
STARR SURPLUS LINES INSURANCE COMPANY and
STARR INDEMNITY & LIABILITY COMPANY,

                               Plaintiffs,                      Civil Action No. 3:24-CV-8221

                -against-

                                            **COMPLAINT**

ZIEGENFUSS DRILLING, INC.,

                               Defendant.
-------------------------------------------------------------------------------x

       Plaintiffs, Starr Surplus Lines Insurance Company and Starr Indemnity & Liability Company, by and through their undersigned counsel, file this Complaint against Defendant Ziegenfuss Drilling, Inc., and in support thereof alleges as follows:

## JURISDICTION AND VENUE

1. Jurisdiction of this Court over this action is invoked pursuant to 28 U.S.C. §1332(a)(1). The matter in controversy exceeds, exclusive of interest and costs, the sum of Seventy-Five Thousand Dollars ($75,000).

2. There is complete diversity of citizenship between Plaintiffs and Defendant.

3. Venue in this District is proper under 28 U.S.C. § 1391(b) (1), (3) and (c).

4. An actual case and controversy of justiciable nature exists between the parties, involving the rights and obligations of the parties under the insurance contracts issued by Plaintiffs.

## THE PARTIES

5. Starr Surplus is a Texas corporation that maintains its main administrative office at 399 Park Avenue, New York, New York.

6. Starr Surplus is regulated and granted surplus lines eligibility by the New Jersey Department of Banking and Insurance to do business, and does business, in the State of New Jersey.

7. For diversity purposes, Starr Surplus is a citizen of the states of Texas and New York

8. Starr Indemnity is a property and casualty insurance company incorporated in the State of Texas, which maintains its main administrative office at 399 Park Avenue, New York, New York.

9. Starr Indemnity is licensed as an insurance carrier by the New Jersey Department of Banking and Insurance.

10. For diversity purposes, Starr Indemnity is a citizen of the states of Texas and New York.

11. Defendant is a corporation duly organized and existing under the laws of the State of New Jersey.

12. Defendant maintains its principal place of business at 2 Frontage Road, Ringoes, New Jersey.

13. For diversity purposes, Defendant is a citizen of the state of New Jersey.

## GENERAL ALLEGATIONS

**2021 GL Policy**

14. At the specific request of Defendant, Starr Surplus issued a general liability insurance policy, under policy number 1000090651211, that covered the time period June 1, 2021 to June 1, 2022 (the "2021 GL Policy").

15. The 2021 GL Policy is an insurance contract which provides, in exchange for payment of premiums, insurance coverage for liabilities of Defendant.

16. Throughout the term of the 2021 GL Policy, Starr Surplus provided Defendant with the insurance protection set for in the 2021 GL Policy.

17. Defendant received and accepted the insurance coverage of the 2021 GL Policy.

18. Pursuant to the terms of the 2021 GL Policy, it was subject to an audit to determine the final earned premium for the policy period.

19. Further, the 2021 GL Policy provides that "[Starr Surplus] will compute all premiums . . . in accordance with our rules and rates."

20. Pursuant to the terms of the 2021 GL Policy, the initial premium was based on information submitted by Defendant and/or its insurance broker regarding Defendant's estimated payrolls in: (i) New York; and (ii) all other states.

21. Starr Surplus performed an audit of Defendant's books and records as they related to the 2021 GL Policy.

22. Subsequently, Starr Surplus calculated the final premium due for the 2021 GL Policy.

23. The final premium due for the 2021 GL Policy is $684,859.00.

24. Defendant remitted the deposit premium of $310,000.00 for the 2021 GL Policy.

25. Defendant, therefore, remains indebted to Starr Surplus in the amount of $374,859.00 for the 2021 GL Policy.

26. Starr Surplus issued invoices and demands for payment for the outstanding premiums for the 2021 GL Policy to Defendant.

27. Defendant has failed and refused, and continues to refuse, to remit payment of the $374,859.00 balance owed to Starr Surplus pursuant to the terms of the 2021 GL Policy.

**2022 GL Policy**

28. At the specific request of Defendant, Starr Surplus issued a general liability insurance policy, under policy number 1000090651221, that covered the time period June 1, 2022 to June 1, 2023 (the "2022 GL Policy").

29. The 2022 GL Policy is an insurance contract which provides, in exchange for payment of premiums, insurance coverage for liabilities of Defendant.

30. Throughout the term of the 2022 GL Policy, Starr Surplus provided Defendant with the insurance protection set for in the 2022 GL Policy.

31. Defendant received and accepted the insurance coverage of the 2022 GL Policy.

32. Pursuant to the terms of the 2022 GL Policy, it was subject to an audit to determine the final earned premium for the policy period.

33. Further, the 2022 GL Policy provides that "[Starr Surplus] will compute all premiums . . . in accordance with our rules and rates."

34. Pursuant to the terms of the 2022 GL Policy, the initial premium was based on information submitted by Defendant and/or its insurance broker regarding Defendant's estimated payrolls in: (i) New York; and (ii) all other states.

35. Starr Surplus performed an audit of Defendant's books and records as they related to the 2022 GL Policy.

36. Subsequently, Starr Surplus calculated the final premium due for the 2022 GL Policy.

37. The final premium due for the 2022 GL Policy is $338,510.00.

38. Defendant remitted the deposit premium of $325,350.00 for the 2022 GL Policy.

39. Defendant, therefore, remains indebted to Starr Surplus in the amount of $13,160.00 for the 2022 GL Policy.

40. Starr Surplus issued invoices and demands for payment for the outstanding premiums for the 2022 GL Policy to Defendant.

41. Defendant has failed and refused, and continues to refuse, to remit payment of the $13,160.00 balance owed to Starr Surplus pursuant to the terms of the 2022 GL Policy.

**2022 WC Policy**

42. At the specific request of Defendant, Starr Indemnity issued a workers' compensation insurance policy, under policy number 100 0004650, that covered the time period June 1, 2022 to June 1, 2023 (the "2022 WC Policy").

43. The 2022 WC Policy is an insurance contract which provides, in exchange for payment of premiums, insurance coverage for liabilities of Defendant under the workers' compensation statutes of the following states: AL, CT, DE, FL, GA, IN, KY, ME, MD, MA, MO, NJ, NY, NC, PA, RI, SC, TN, TX, VA, and WV.

44. Throughout the term of the 2022 WC Policy, Starr Indemnity provided Defendant with the insurance protection set for in the 2022 WC Policy.

45. Defendant received and accepted the insurance coverage of the 2022 WC Policy.

46. The 2022 WC Policy states that the "premium for this policy will be determined by our Manuals of Rules, Classifications, Rates, and Rating Plans."

47. Various state laws under which workers' compensation claims may be asserted against the 2022 WC Policy require Starr Indemnity to impose taxes and surcharges on policies of workers' compensation insurance.

48. Pursuant to the terms of the 2022 WC Policy, the initial premium was based on information submitted by Defendant and/or its insurance broker regarding Defendant's estimated remuneration for the effective dates of coverage.

49. Since the initial premium is based on estimated information, the 2022 WC Policy is subject to audit to determine the actual remuneration during the effective dates of coverage.

50. The 2022 WC Policy specifically provides as follows:

> The premium shown on the Information Page, schedules, and endorsements is an estimate. The final premium will be determined after this policy ends by using the actual, not estimated premium basis and the proper classifications and rates that lawfully apply to the business and work covered by this policy. If the final premium is more that the premium you paid to us, you must pay us the balance, if it is less, we will refund the balance to you.

51. Subsequent to the end of the 2022 WC Policy, Starr Indemnity performed an audit of Defendant's books and records as they related to the 2022 WC Policy.

52. Thereafter, Starr Indemnity calculated the final premium and taxes/ surcharges for the 2022 WC Policy.

53. The sum total of premiums and surcharges, including the audit premiums, for the 2022 WC Policy is $109,408.00 ($5,417.00 taxes/surcharges plus $103,991.00 premium).

54. Defendant remitted $101,361.00 for premiums and taxes/surcharges for the 2022 WC Policy.

55. Defendant, therefore, remains indebted to Starr Indemnity in the amount of $8,047.00 the 2022 WC Policy.

56. Starr Indemnity issued invoices and demands for payment for the outstanding premiums for the 2022 WC Policy to Defendant in a timely fashion.

57. Defendant has failed and refused, and continues to refuse, to remit payment of the $8,047.00 balance owed to Starr Indemnity pursuant to the terms of the 2022 WC Policy.

## COUNT I

### (Breach of Contract – 2021 GL Policy)

58. Plaintiff incorporates by reference paragraphs 1 through 27, as if fully set forth herein.

59. Defendant agreed to remit payment of premiums, including audit premiums, in consideration for Starr Surplus's provision of insurance coverage to Defendant.

60. Starr Surplus fulfilled its contractual obligations and provided the insurance coverage afforded by the 2021 GL Policy.

61. Defendant has failed and refused to pay the premium for the 2021 GL Policy although due demand has been made therefor.

62. Through its refusal to remit payment, Defendant has breached the contract between the parties, i.e., the 2021 GL Policy.

63. As a result of Defendant's breach of the insurance contract, Starr Surplus has suffered damages in the amount of $374,859.00, plus interest, and costs.

## COUNT II

### (Breach of Contract – 2022 GL Policy)

64. Plaintiff incorporates by reference paragraphs 1 through 13 and 28 through 41, as if fully set forth herein.

65. Defendant agreed to remit payment of premiums, including audit premiums, in consideration for Starr Surplus's provision of insurance coverage to Defendant.

66. Starr Surplus fulfilled its contractual obligations and provided the insurance coverage afforded by the 2022 GL Policy.

67. Defendant has failed and refused to pay the premium for the 2022 GL Policy although due demand has been made therefor.

68. Through its refusal to remit payment, Defendant has breached the contract between the parties, i.e., the 2022 GL Policy.

69. As a result of Defendant's breach of the insurance contract, Starr Surplus has suffered damages in the amount of $13,160.00, plus interest, and costs.

## COUNT III

### (Breach of Contract – 2022 WC Policy)

70. Plaintiff incorporates by reference paragraphs 1 through 13 and 42 through 57, as if fully set forth herein.

71. Defendant agreed to remit payment of premiums and taxes/surcharges, including audit premiums, in consideration for Starr Indemnity's provision of insurance coverage to Defendant.

72. Starr Indemnity has fulfilled its contractual obligations and provided the insurance coverage afforded by the 2022 WC Policy.

73. Defendant has failed and refused to pay the premium for the 2022 WC Policy although due demand has been made therefor.

74. Through its refusal to remit payment, Defendant has breached the contract between the parties, i.e., the 2022 WC Policy.

75. As a result of Defendant's breach of the insurance contract, Starr Surplus has suffered damages in the amount of $8,047.00, plus interest, and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, Starr Surplus Lines Insurance Company and Starr Indemnity & Liability Company, demand judgment against the Defendant as follows:

a. On the First Cause of Action, damages in the amount of $374,859.00, plus interest and costs, with interest at the statutory rate from the date of default;

b. On the Second Cause of Action, damages in the amount of $13,160.00, plus interest and costs, with interest at the statutory rate from the date of default;

c. On the Second Cause of Action, damages in the amount of $8,047.00, plus interest and costs, with interest at the statutory rate from the date of default; and

d. Such other and further relief as the Court may deem just and proper.

Dated: July 22, 2024                                  Respectfully Submitted,

STARR INSURANCE HOLDINGS, INC.

  /s/ Marc P. Madonia
Marc P. Madonia
399 Park Avenue, 3rd Floor
New York, New York  10022
Marc.madonia@starrcompanies.com
*Attorneys for Plaintiff*
*Starr Indemnity & Liability Company*